## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Lesia Simmons, ) | |
| ) | |
| ) | Civil Action No.: 2:19-cv-00348-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Andrew M. Saul, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on June 17, 2020. (ECF No. 17.) The Report addresses Plaintiff Lesia Simmons' ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*Id.* at 1.) The Report recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 15.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-5.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB and SSI. (ECF No. 9-2 at 26-27.) Although the ALJ found Plaintiff had the severe impairments of systemic lupus erythematosus with Raynaud's disease and

inflammatory arthritis (*Id.* at 19), the ALJ nonetheless concluded Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work (*Id.* at 22).

Thereafter, the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on February 6, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report finding the ALJ's decision was supported by substantial evidence and suggesting this case be affirmed. (ECF No. 17 at 15.) Specifically, the Magistrate Judge found the ALJ properly determined Plaintiff's impairments and appropriately discounted Plaintiff's subjective complaints as "not entirely consistent with the medical and other evidence of record," including allegations of fatigue related to lupus. (*Id.* at 12-14.) The Magistrate Judge observed "that no treating physician submitted opinion evidence indicative of considerable functional limitations." (*Id.* at 12.) The Magistrate Judge further noted the ALJ gave state agency medical consultant opinions significant weight because "they were consistent with and supported by [various other] medical records." (*Id.* at 13.) Thereafter, the Magistrate Judge explained the ALJ considered Plaintiff's ability to sustain functioning by specifically requiring Plaintiff to "alternate between sitting and standing once every 30 minutes for 5-10 minutes at a time." (*Id.* at 14-15.)

On June 17, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 16.) Plaintiff thereafter offered timely objections to the Report, including

2

allegations that the ALJ misevaluated the severity of her symptoms due to lupus and improperly weighed medical evidence. (ECF No. 20 at 1-8.) In response to Plaintiff's objections, the Commissioner asked the court to adopt the Report because substantial evidence otherwise supported the ALJ's decision (ECF No. 21 at 1-5).

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and

whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff alleges the ALJ (1) improperly gave significant weight to state agency consultants; (2) erroneously discounted her subjective complaints; and (3) failed to consider the length of time in which she could sustain her RFC in the workplace. (ECF No. 20 at 2-8.) The Commissioner counters that substantial evidence in the record supports each of the ALJ's decisions. (ECF No. 21 at 1-5.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already

4

addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court finds substantial evidence supports the ALJ's assignment of significant weight to the opinions of two state agency consultants.[1] Dr. Celine Payne-Gair opined in part that Plaintiffs' "mental health impairments were nonsevere." (ECF No. 9-2 at 24.) Dr. Thomas Thomson similarly concluded Plaintiff could perform light work with certain restrictions. (*Id.*) The ALJ—and subsequently, the Report—explained that such opinions were "consistent with and supported by other medical evidence of record, particularly that of Roper Hospital, MUSC, and Dr. [Georgia] Roane." (ECF Nos. 9-2 at 24; 17 at 12-13.) Indeed, the Magistrate Judge and the ALJ further observed that no treating physician had "submitted opinion evidence indicative of considerable functional limitations." (ECF No. 17 at 12 (citing ECF No. 9-2 at 24).) By contrast, Plaintiff points to her own subjective complaints, which the ALJ properly discounted, in an attempt to discredit the state agency consultants. (ECF No. 20 at 5-8.) But such complaints alone do not dispel substantial evidence in the record supporting the ALJ's decision.

Plaintiff's other arguments regarding the state agency consultants are likewise without merit. Plaintiff's attempt to discount the state agency consultants' opinions as outdated fall flat, as the ALJ explicitly noted the date in which the opinions were given and relied on the whole record, as opposed to only the state agency consultants' opinions, when formulating the RFC. (ECF No. 9-2 at 24.) Nor does the court find that the state agency consultants "exaggerated or

---

[1] It does not appear Plaintiff raised this issue in briefing before the Magistrate Judge. (*See* ECF No. 13.) Even assuming this issue is now properly raised for the first time before the court, substantial evidence supports the ALJ's decision.

mis-stated [sic]" Plaintiff's ability to function daily. (ECF No. 20 at 5.) Instead, based on the medical record, the court finds substantial evidence supported the ALJ's decision.

Lastly, the court concludes Plaintiff's remaining objections restate arguments that are adequately addressed by the Report. (*See* ECF No. 17 at 6-15.) Moreover, Plaintiff's objections substantively mirror the arguments raised in her prior briefing, including contentions with her discounted subjective complaints (*compare* ECF No. 13 at 14-17, *with* ECF No. 20 at 2-5); and her ability to sustain functioning (*compare* ECF No. 13 at 14-17, *with* ECF No. 20 at 7-8).

A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's reused arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's objections, is well-reasoned, and properly analyzes the rehashed issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein. Plaintiff's objections are overruled.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17) and incorporates it herein. Therefore, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 21, 2020
Columbia, South Carolina